Rosa Pérez Casalduc et al., Plaintiffs and Appellees, v. Manuel Díaz Mediavilla et al., Defendants and Appellants.

No. 4621. Argued March 18, 1929.—Decided April 2, 1929.

*Francisco Parra* and *J. R. Aponte* for the appellants. *E. Pérez Casalduc* and *M. García González* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The appellees move for dismissal of this appeal on various grounds.

The action was brought against Manuel Díaz Mediavilla and his wife to recover a joint interest in a property and for the cancellation as to that joint interest of a mortgage on the

whole property in favor of the Federal Land Bank of Baltimore, which is also a defendant. The trial court sustained the complaint against both defendants. The judgment was appealed from by the attorneys for the two defendants in a single notice of appeal signed by the attorney for the Federal Land Bank of Baltimore and by the other attorney, and this is alleged as a ground for dismissal of the appeal; but it appears from that notice that the appeal was taken in the names of all of the parties to the action, for one of the attorneys signed it as attorney for the Federal Land Bank of Baltimore and the other, who represents the Mediavilla spouses, although he did not give their names, evidently could not refer to any other defendants.

The defendants answered the complaint separately and for this reason it is said that they can not appeal jointly; but that is no bar to their appealing jointly in a single notice of appeal, for the judgment affects all of them, inasmuch as the partial cancellation of the mortgage ordered depends on the claim made against the other defendant and his wife. Consequently, the fact that only five dollars were paid for that notice of appeal instead of five dollars for each appellant is also no ground for dismissal.

It is alleged also for the same purpose that it does not appear from the record that the attorney for some of the appellees was duly notified of the appeal, because it does not give the addresses of the attorneys. Although it was not stated in the return of service by mail from Arecibo to attorney Miguel García González in San Juan, who represents some of the plaintiffs, that the attorneys have different addresses, the record shows that one of the attorneys for the appellants resides in Arecibo, the other in Ponce, and that attorney García González resides in San Juan; therefore we see no reason for dismissing the appeal on that account.

It is also alleged that in the appeal of defendants Mediavilla and wife their brief does not conform to Rules 42 and 43 of this court.

We have examined the brief referred to in the light of what we said in the case of *Amy* v. *Heirs of Verges*, 35 P.R.R. 35, which we will not repeat here, and in fact it does not conform to what the brief should be according to Rules 42 and 43 of this court and to its comments in the case cited. The true and concise statement of the case as it appears in the record which is required by the Rules of this court has been converted in that brief into a statement of thirty pages containing a long recital of the pleadings and their amendments in which unnecessary reference has been made to motions to strike out and to calling various persons in warranty, and of these sixteen pages are entirely useless because they contain a copy of the opinion of the trial judge in his determination of the case and it had already been copied into the transcript. As to the assignments of error to support the appeal, they have been made in such form that it is difficult to answer and decide them, because three errors are included in the first, the second contains a transcript of five of the seven transitory provisions of the Civil Code, it being difficult to observe whether the five or only those underlined by the appellant have been infringed; the fifth assignment of error includes six; the seventh refers to two; the ninth includes four; the tenth makes reference to seven, and the fourteenth includes two which are different. After specifying the grounds of error all of the evidence is summarized on ten pages, also unnecessary because some of the facts are not required for arguing and deciding the appeal and because their proper place is in treating of the alleged error that the judgment is contrary to the evidence, and then only as far as necessary. Following that summary six pages are dedicated to praising the personal characteristics of the trial judge and to mentioning the pamphlets or articles written by him on questions not related to the action, which can not affect the determination of the appeal.

In view of the foregoing and taking into account the fact that the 136 pages of the brief filed by the appellant spouses

represent great labor, although mistaken in its form, we shall not dismiss their appeal, but their brief will be stricken out, allowing them twenty days for filing another.